# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendants | C.A. No. 12-069-LPS |

**PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANT, INC.'S SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S MOTION TO DISMISS**

June 11, 2012

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Rader, Fishman & Grauer PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 594-0600
rtr@raderfishman.com
cwb@raderfishman.com
gef@raderfishman.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 2513 0
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*
*St. Clair Intellectual Property Consultants, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    The Case Law and Facts Do Not Support Samsung's
New Argument that Samsung Electronic USA, Inc.
Could have been Revived by Appointment of a Receiver ..................................... 2

    II.   Samsung's New Evidence Does not Support Reliance
on a Mere Corporate Relationship Without Proof of
Privity, Substantial Relationship or Identical Legal Interest ................................. 5

    III.  Samsung's New Evidence  Does not Support the Claim
that St. Clair Failed to Exercise Diligence and Does not
Preclude Exercise of the Court's Discretion Under Rule 60(b) ............................. 8

CONCLUSION ......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*AM Properties Corporation v. GTE Products Corporation*,
   844 F.Supp. 1007 (D.N.J. 1994) ................................................................................... 2, 3

*Ater v. Follrod*,
   238 F. Supp. 2d 928 (S.D. Ohio 2004) ............................................................................... 8

*Fernandez v. Estate of Gatti*,
   2011 U.S. Dist. LEXIS 57414 (S.D. Fla May 26, 2011) .................................................. 6

*In re Citadel Industries, Inc.*,
   423 A.2d 500 (Del. Ch. 1980) ......................................................................................... 3, 4

*In the Matter of Dow Chem. Int'l Inc. of Delaware*,
   2008 Del. Ch. LEXIS 147 (Del. Ch. Oct. 14, 2008) .......................................................... 4

*In the Matter of Texas Eastern Overseas, Inc.*,
   2009 Del. Ch. LEXIS 198 (Del. Ch. Nov. 30, 2009) ......................................................... 4

*Johnson v. Helicopter & Airplane Services Corp.*,
   404 F. Supp. 726 (D. Md. 1975) ........................................................................................ 3

*King v. Doe*,
   2011 U.S. Dist. LEXIS 73542 (D. Del. July 6, 2011) ....................................................... 7

*Kuhn v. Williamson*,
   122 F.R.D. 192 (E.D.N.C. 1988) ....................................................................................... 8

*Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev't Corp.*,
   933 F.2d 724 (9th Cir. 1991) .............................................................................................. 5

*Murray v. Sevier*,
   145 F.R.D. 563 (D. Kan. 1993) .......................................................................................... 6

*Randall v. Merrill Lynch*,
   820 F.2d 1317 (1987) .......................................................................................................... 8

*Sentinel Trust Co. v. Universal Bonding Ins. Co.*,
   316 F.3d 213 (3d Cir. 2003) ............................................................................................... 7

*Smith-Johnson Steamship Corp. v. United States*,
   231 F. Supp. 184 (D. Del. 1964) ........................................................................................ 3

*United States v. Northeastern Pharmaceutical & Chemical Co.*,
   810 F.2d 726 (8th Cir. 1986) ......................................................................................... 2, 3

*Wax v. Riverview Cemetery Co.*,
  24 A.2d 431 (Del. Super. 1942) ................................................................................................ 3

**Statutes**

8 Del. Code § 279 ................................................................................................................ 2, 3, 4

**Rules**

Fed. R. Civ. P. 12 ..................................................................................................................... 1, 7

Fed. R. Civ. P. 41 .................................................................................................................. passim

Fed. R. Civ. P. 56 .................................................................................................................. 1, 7, 9

Fed. R. Civ. P. 60 ........................................................................................................................ 8

St. Clair Intellectual Property Consultants, Inc. ("St. Clair") respectfully submits this sur-reply brief requesting the Court to deny the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 41(a)(1)(B), requesting the Court to convert this to a Fed. R. Civ. P. 56 motion for summary judgment, and requesting the Court to deny the motion with prejudice.

## INTRODUCTION

The motion brought by Samsung Electronics Corp. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, Inc. ("STA") (collectively, "Samsung") omits crucial facts, recites cases inapposite to and not controlling under the actual facts, and fails to present law or facts justifying an extension of Fed. R. Civ. P. 41(a)(1)(B).[1]  Samsung's reply brief misstates relevant Delaware corporate law, improperly adds over 300 pages of new "evidence" with which Samsung attempts to support its position, and fails to offer other evidence that would support its motion, even though that evidence, if it existed, would be uniquely in the possession of Samsung.  In submitting significant volumes of evidence outside the pleadings, Samsung has converted its Fed. R. Civ. P. 12 motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56.  Thus St. Clair respectfully requests that the Court enter summary judgment in its favor and against Samsung on the issues presented.

---

[1] St. Clair disagrees with Samsung's inclusion of the void and defunct S-E USA as "collectively" with SEC, SEA and STA as "Samsung."  Referencing S-E USA as "collectively" Samsung or a "Samsung entity" does not transform it into something that it is not.  Despite its burden of proof, SEC provided no information about S-E USA beyond its initial incorporation, including the fact that it has not existed since June 2006.

1

# ARGUMENT

I. **The Case Law and Facts Do Not Support Samsung's New Argument that Samsung Electronic USA, Inc. Could have been Revived by Appointment of a Receiver**

In its Reply Brief, Samsung argues for the first time that the defunct S-E USA could have been revived if St. Clair had moved for the appointment of a receiver under 8 *Del. Code* § 279. The non-Delaware case that Samsung cites for this proposition is contrary to the more recent decisions of the Delaware courts, which Samsung does not discuss in its Reply. The dismissal of the 2011 complaint naming Samsung Electronic USA, Inc. as defendant remains irrelevant to the current suit and cannot serve as the alleged first free dismissal under Fed. R. Civ. P. 41. No Samsung entity sold infringing smartphones before S-E USA ceased to exist in 2006, and those smartphones did not even exist in 2006.[2] Samsung did not deny this in the Reply Brief. Thus there is and could be no claim at all against S-E USA on which to base the requirement of Fed. R. Civ. P. 41 that "the same claim" be dismissed in two actions. The factual predicate for the current litigation against the current Samsung defendants simply did not exist for S-E USA.

In an attempt to avoid this dispositive reality, Samsung alleges that St. Clair could have brought an action under 8 *Del. Code* § 279 for appointment of a receiver which would have allowed it to proceed with its first complaint against S-E USA. In other words, Samsung alleges that there was a statutory mechanism to revive the long-defunct S-E USA so that it could be sued, therefore the first complaint counts for purposes of Fed. R. Civ. P. 41(a)(1)(B).

In support of this new "corporate coma" argument, Samsung relies on a case from the Eighth Circuit Court of Appeals involving a very different legal issue – the question whether a defunct company could be held jointly liable with other entities under CERCLA. *United States v. Northeastern Pharmaceutical & Chemical Co.*, 810 F.2d 726 (8th Cir. 1986). Other courts have

---

[2] (*See* St. Clair Opposition Brief at 1-2.)

2

noted that federal CERCLA liability provisions preempt state corporate capacity statutes such as 8 *Del. Code* § 278. *See e.g., AM Properties Corporation v. GTE Products Corporation*, 844 F. Supp. 1007, 1012 (D.N.J. 1994). The question is whether CERCLA liability hinges on whether the dissolved corporation has remaining assets or has already distributed its assets; the judicial decisions are divided on this point. *Id*. 1012-13. It was in this specific legal context that the Eighth Circuit concluded that the company at issue could be "revived," relying however on a 1942 Delaware Superior Court case, *Northeastern Pharm. & Chem.*, 810 F.2d at 746-47 (citing *Wax v. Riverview Cemetery Co.*, 24 A.2d 431 (Del. Super. 1942)).

In reaching its conclusion, the Eighth Circuit noted contrary authority from the District of Maryland that conducted a careful historical review of the Delaware precedents before concluding that Section 278 mandates that "after a reasonable time [i.e. the 3 year period provided in the statute], the right to assert such claims is extinguished and the corporation is allowed to close its affairs without further threat of financial liability." *Johnson v. Helicopter & Airplane Services Corp.*, 404 F. Supp. 726, 735 (D. Md. 1975) (parenthetical added). In large part, the Maryland district court relied upon the interpretation of Section 278 provided by *Smith-Johnson Steamship Corp. v. United States,* 231 F. Supp. 184, 186 (D. Del. 1964):

> The three year restriction on the right to bring suits contained in *§ 278*, while not a statute of limitations per se, nevertheless, represents a public policy that all suits by or against dissolved corporations must be commenced within three years following dissolution and that by way of analogy with the great majority of cases interpreting statutes of limitations, an affirmative counterclaim or cross-libel cannot be filed after the period of the applicable statute of limitations has expired. . . .

*Smith-Johnson* held that, after the three year dissolution period had expired, Section 279 extinguished the corporation's capacity to sue or be sued. *Id*. at 186.

The Delaware Court of Chancery directly reviewed the statutory scheme of Sections 278 and 279 in 1980. *In re Citadel Industries, Inc.*, 423 A.2d 500 (Del. Ch. 1980). In that case,

3

General Electric Company tried to sue a Delaware corporation one month after the expiration of the statutory winding up period provided by Section 278. *Id*. at 502. The Court first concluded that Section 278 did not permit it to "continue" the existence of a corporation after the three year winding up period had ended, because when that additional statutory period had expired "the dissolved corporation is no more." *Id*. at 504. Thus, General Electric's only possible remaining recourse against the dissolved corporation was through the operation of Section 279, but the assets had already been dissipated and Section 279 was of no use. *Id*. at 506-7. Because the dissolved corporation had ceased to exist as of the expiration of the winding-up period of Section 278, and any relief available under Section 279 was of no effect due to the completed distribution of all corporate assets, General Electric could not obtain relief. *Id*. at 507.[3]

Samsung cannot rely on inapposite cases from other jurisdictions while ignoring the relevant Delaware cases. Applying the Delaware decisions, it is clear that no action existed against the defunct S-E USA in 2011, because there was no entity to be sued under Section 278, and there were and are no facts that would support revival by appointment of a receiver under Section 279, as Samsung now argues. It is undisputed that S-E USA was defunct in 2006, more than 3 years before St. Clair filed the 2011 complaint naming only S-E USA as a defendant. Despite offering hundreds of pages of new evidence for the first time in its Reply Brief, Samsung has not introduced any evidence showing that S-E USA had any remaining assets in 2011 that would have supported an application for appointment of a receiver under Section 279 to "revive" the defunct S-E USA. If any such facts existed, they would be uniquely in Samsung's possession. Thus

---

[3] The Delaware Court of Chancery has more recently emphasized that "[i]n short, petitioner cannot use §279 to bypass the three-year limitation under §278 when a dissolved corporation holds no assets." *In the Matter of Dow Chem. Int'l Inc. of Delaware,* C.A. No. 3972-CC, 2008 Del. Ch. LEXIS 147, at *2 (Del. Ch. Oct. 14, 2008)*; see also In the Matter of Texas Eastern Overseas, Inc.,* C.A. No. 4326-VCN, 2009 Del. Ch. LEXIS 198, at *15-16 (Del. Ch. Nov. 30, 2009) (evidence that the dissolved corporation is likely to have assets is a prerequisite to appointment of receiver under Section 279).

4

Samsung's contention that the 2011 complaint counts as the first of two strikes under Fed. R. Civ. P. 41(a)(1)(B) is simply incorrect. For this reason alone, Samsung's motion should be denied and the Court should enter summary judgment for St. Clair on Samsung's res judicata defense.

II. **Samsung's New Evidence Does not Support Reliance on a Mere Corporate Relationship Without Proof of Privity, Substantial Relationship or Identical Legal Interest**

Samsung also attempts to bolster its position by submitting over 300 pages of new documents as support for its Reply Brief. Although its new documents fall far short of the evidence in that case, Samsung continues to argue that the *Lake at Las Vegas* case is a persuasive authority that this Court should follow.[4] However, in *Lake at Las Vegas*, the <u>plaintiff</u> entity had failed to "register[] to do business in Nevada" but was not a void and defunct party. Samsung's new evidence cannot change the fact that the 2011 complaint named S-E USA as the sole defendant, and S-E USA was void and defunct and had no agent so as to effect any service. Samsung now claims that its new evidence demonstrates that the <u>defendant</u> entities were related at the time of incorporation, although Samsung fails to introduce evidence proving the type of close relationship found in *Lake at Las Vegas* that was "sufficient to render them 'substantially the same' for purposes of Fed. R. Civ. P. 41(a)(1)."

Although in its opening brief Samsung largely ignored the requirement that the defendant seeking dismissal must establish privity between the different named parties or show that the defendant companies are the same or substantially the same for purposes of Fed. R. Civ. P. 41(a)(1)(B), Samsung's Reply Brief has now introduced a number of documents seeking to establish such a connection. However Samsung's new documents provide no evidence showing that the current defendants had any legal interests in common. For example, the new documents

---

[4] *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev't Corp.*, 933 F.2d 724, 728 (9th Cir. 1991).

5

do not and cannot show that S-E USA, defunct since 2006, had any connection to the Android products introduced in 2008 which are accused of patent infringement.  Samsung does not dispute that S-E USA ceased to exist before the Android products were created and the new documents submitted in reply do not show otherwise.  Since the only allegations against the current defendants in the current lawsuit involve the infringement of the patents by Android smartphones, the factual and legal assertions are simply irrelevant to S-E USA.

To divert attention from these uncontroverted facts, Samsung emphasizes the similarity of the pleadings against S-E USA and the current Samsung defendants, and offers new evidence to try to establish a link between S-E USA and the current Samsung defendants.  Neither of these efforts can succeed.

Samsung offers no authority for its contention that "the relevant legal inquiry is the extent to which St. Clair's three complaints have each asserted the exact same (or similar) claim." (Samsung Reply Br., at 8.)[5]  Nor is the inquiry limited to whether there is "essentially some relationship" between the defendants as Samsung now asserts.  (*Id*. at 8-9.)  Even the cases cited by Samsung require that Fed. R. Civ. P. 41 only be applied upon a showing different defendants' legal interests are sufficiently inter-related to make the <u>defendants</u> substantially the same.  *See Murray v. Sevier*, 145 F.R.D. 563, 567 (D. Kan. 1993) (declining to dismiss case where it was "not clear that the interest of the defendants are so interrelated that each represents the same legal right").

---

[5] To the contrary, "claim" identity is irrelevant if different defendants are dismissed in subsequent suits. See, *e.g.*, *Fernandez v. Estate of Gatti*, C.A. No. 10-62269, 2011 U.S. Dist. LEXIS 57414, at *6-7 (S.D. Fla May 26, 2011) (rejecting applicability of two-dismissal rule regardless of the fact that the claims are the same where the defendants were not the same).  <u>All of the cases cited by both parties</u> examine the relationship between the defendants (or the plaintiffs) to determine whether the same or substantially the same legal interests are at stake.

6

Samsung apparently tries to set the bar very low to establish similarity of the defendants because its "evidence" that S-E USA was related in some relevant way to the current defendants is so tenuous. Relying entirely upon new evidence offered for the first time in its reply brief and completely outside the pleadings, Samsung tries to string together a very weak connection.[6] First, Samsung points to the fact that S-E USA was incorporated by one Bryan Hopkins at a particular address in New Jersey. Then Samsung offers its annual report showing that the New Jersey address listed for Mr. Hopkins is the same as its regional headquarters. Samsung then suggests that a review of Mr. Hopkins' resume on his Linked-In page will show that he was the long time general counsel of one of the currently named defendants, SEA. That Samsung has to resort to such "proofs" only serves to underscore 1) that there is and was no relationship between S-E USA and the current defendants that is connected in any way to the patent infringement claims against Android smartphones, and 2) that Samsung has traveled so far outside the record presented by the pleadings in this case that the motion should be treated under Fed. R. Civ. P. 56 rather than Fed. R. Civ. P. 12.[7] Samsung makes no effort whatsoever to show that the strained relationship it attempts to establish between S-E USA and the current Samsung defendants using the newly introduced documents finds support in the cases upon which it relies. (Samsung Reply Br., at 9.) Also telling is that Samsung makes no effort to show any current relationship between S-E USA and the other entities, or to show that S-E USA had anything to do with Android smartphones.

Although Samsung claims that the lack of service of the 2011 complaint against S-E USA is of no importance, in fact it shows the complete inability to obtain jurisdiction over S-E USA and

---

[6] When matters outside the pleadings are attached to the motion to dismiss and relied upon by the defendants, the Court must convert a Fed. R. Civ. P. 12(b)(6) motion to a Fed. R. Civ. P. 56 motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d). *King v. Doe*, C.A. No. 10-573, 2011 U.S. Dist. LEXIS 73542, at *13 (D. Del. July 6, 2011).

[7] Samsung's citation to *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003) provides no support for the use of these extraneous bits of information to try to stitch together a relationship between S-E USA and the current Samsung defendants.

it demonstrates that the policy underlying Fed. R. Civ. P. 41(a)(1) would not be served by the requested dismissal. The Federal Rules of Civil Procedure favor disposition on the merits, and this important policy would be defeated by a summary dismissal without adjudication on the merits where all three defendants have only been served with a single Complaint. Even Samsung's new evidence cannot change the fact that each of the Defendants have only been served with one single Complaint. "Until a [party] is actually served with a copy of the complaint and summons and required to defend himself or herself, that person needs no protection from multiple lawsuits." *Ater v. Follrod*, 238 F. Supp. 2d 928, 939 (S.D. Ohio 2004); *see also Kuhn v. Williamson*, 122 F.R.D. 192, 195 (E.D.N.C. 1988) (decision to decline to apply two-dismissal rule was supported by fact that "defendant has faced only two lawsuits" where the second one ended before defendant knew of its existence). SEC, SEA and STA must face the patent infringement allegations on the merits.

### III. Samsung's New Evidence Does not Support the Claim that St. Clair Failed to Exercise Diligence and Does not Preclude Exercise of the Court's Discretion Under Rule 60(b)

A dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) can be set aside or modified under Fed. R. Civ. P. 60(b). *See Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (1987) (plaintiffs successfully moved for the court to vacate one of the orders of dismissal to avoid the effect of judgment ). Fed. R. Civ. P. 60(b) allows a court to relieve a party from a final judgment for any reason justifying relief.

Samsung claims that St. Clair failed to exercise proper diligence in investigating and filing its original 2011 complaint against S-E USA, implying that the Court should therefore penalize St. Clair by dismissing the action. First, it is not true that St. Clair failed to exercise diligence. St. Clair's counsel checked the publicly available records at the Delaware Secretary of State website before filing the 2011 complaint. Those public records erroneously showed that S-E USA had a

registered agent, indicating that it was an active company. However, the registered agent listed refused service of the complaint against S-E USA. When counsel later reviewed Delaware corporate information available in a different database, counsel learned that S-E USA was listed as void as of 2006. (Brauerman Declaration, ¶3.) Thus, Samsung's assertion is factually incorrect. Samsung's citation to a newly introduced document -- counsel's substitution of STA for S-E USA in another case -- is also misplaced. Samsung does not provide any justification to charge counsel's knowledge or conduct on behalf of a different client in an unrelated case to defeat St. Clair's important legal rights in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court treat Defendants' motion as one for summary judgment under Fed. R. Civ. P. 56 and to deny that motion, or in the alternative to deny Defendants' Motion to Dismiss.

June 11, 2012

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Rader, Fishman & Grauer PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 594-0600
rtr@raderfishman.com
cwb@raderfishman.com
gef@raderfishman.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 2513 0
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff*
*St. Clair Intellectual Property Consultants, Inc.*