IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 12-069-LPS |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
OPPOSITION TO ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S
<u>MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF</u>**

*Of Counsel*:

Roderick R. McKelvie
Kevin B. Collins
Brian G. Bieluch
Jonathan Herczeg
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
(202) 662-6000
*kcollins@cov.com*
*bbieluch@cov.com*
*jherczeg@cov.com*

Dated: June 25, 2012

Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King St.
Wilmington, DE 19801
(302) 571-6600
*apoff@ycst.com*
*msquire@ycst.com*

*Attorneys for Defendants Samsung Electronics
Co. Ltd., Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC*

01:12237028.1

On June 11, 2012, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") moved this Court for leave to file a sur-reply brief in opposition to Defendants' Samsung Electronics Co. Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA"), ( collectively, "Samsung") motion to dismiss. St. Clair erroneously urges the Court to grant this motion based on "new arguments, authorities and evidence" Samsung raised for the first time in its reply.

Samsung opposes St. Clair's motion as it is both procedurally improper, and substantively, just a rehash of its opposition brief.

1. *First,* St. Clair's sur-reply is procedurally improper. Samsung did not raise any unexpected argument in its reply. Nor did Samsung introduce new facts or evidence. St. Clair mischaracterizes Samsung's reply as having submitted some "300 pages" of new evidence, when in fact Samsung cited a single page in two public SEC filings -- its 2009 and 2008 non-consolidated financial statements (D.I. 17, Ex. H) and its publicly available annual report (D.I. 17, Ex. I). While Samsung included the entirety of both documents for completeness, Samsung's reply cited only the basic fact from these publicly available documents that the address on the charter documents on file with the Delaware Secretary of State for Samsung Electronics USA, 105 Challenger Road in Ridgefield Park, New Jersey, was publicly identified as Samsung's North American regional headquarters. (D.I. 17, Ex. I at 88.) This controverts and is in direct response to the bald assertion made for the first time in St. Clair's opposition, questioning whether Samsung Electronics, USA was even a "Samsung entity."

2. *Second,* St. Clair's sur-reply includes arguments on provisions of Delaware corporate law, which are immaterial to this case, and identical to those in its Answering Brief ("Opp.") (D.I. 14). But more importantly, St. Clair's sur-reply does not *reply* to Samsung's

principal argument that the corporate status of Samsung Electronics USA, is irrelevant to the application of the two dismissal rule. (D.I. 16 at 4, 8.)

3. *Finally*, St. Clair's proposed sur-reply fails to address the irrelevance of Delaware corporate law and fails to respond to Samsung's argument that a detailed inquiry into corporate ownership is unnecessary. (D.I. 16 at 8.) More importantly, St. Clair's proposed sur-reply never addresses the fact that each of its three complaints set forth the exact same claim: that is a claim by the same Plaintiff that the same Samsung products willfully infringe the same St. Clair patents. St. Clair says it needs a sur-reply but essentially ignores Samsung's central arguments. Accordingly, St. Clair's motion for leave to file a sur-reply should be denied and this Court should grant Samsung's motion to dismiss.

## ARGUMENT

### I. St. Clair's Motion for Leave to File a Sur-Reply is Procedurally Improper.

Local Rule 7.1.2 "only permits the filing of an opening brief by the moving party, an answer brief (response) and a reply brief." *Chambers v. Doe*, 453 F. Supp.2d 858, 861 n.3 (D. Del. 2006). A sur-reply may be filed only with the Court's approval. *RAIT Partnership, L.P. v. Fieldstone Lester Shear & Denberg, LLP*, No. 09-28-GMS/MPT, 2009 WL 3297310, at *5 (D. Del. 2009).

A sur-reply is only proper where it responds to new arguments, facts or evidence, *Belden Techs. Inc. v. LS Corp.*, No. 08-823-SLR, 2010 U.S. Dist. LEXIS 70424, at *3 (D. Del. July 14, 2010), and is not repetitive of arguments that either were raised previously or could have been raised previously. *PHL Variable Ins. Co. v. Alan Wollman Ins. Trust*, No. CV 05-4641-GAF, 2010 U.S. Dist. LEXIS 71593, at *3 (D. Del. July 16, 2010). Likewise, a sur-reply should not be allowed where the issues were previously raised and where it is not "necessary to respond to any

new arguments raised for the first time" in reply. *Mass Dep't of Rev. v. Valley Media, Inc.*, 338 B.R. 605, 608 n.10 (D. Del. 2006) In short, a sur-reply must respond to *new* issues raised in a reply brief, *Chase Bank USA N.A. v. Hess Kennedy Chartered LLC*, 589 F.Supp.2d 490, 504 (D. Del. 2008), not to a reply's response to a brief filed in opposition. *See also Southco Inc. v. Penn Engineering & Mfg. Corp.*, 768 F.Supp.2d 715, 721 (D. Del. 2011) (finding the filing of a sur-reply brief "unnecessary" where no new arguments were made, though allowing the filing and a response absent objections from either party). Otherwise, a sur-reply brief risks denying the moving party "the full opportunity to explore and address the arguments" raised in the sur-reply. *Chambers v. Doe*, 453 F. Supp. 858, 861 n.3 (D. Del. 2006); *see also Belden Techs. Inc.*, 2010 U.S. Dist. LEXIS 70424 at *3 (noting that a sur-reply should be granted if it "does not improperly raise any belated issues that defendants did not already have an opportunity to address").

Here, St. Clair first incorrectly argues that Samsung "made new arguments and cited new legal authority not presented in their opening brief which present an inaccurate description of the applicable Delaware Statutes, 8 Del. Code § 278 and 279 [*sic*] and the cases interpreting those statutes." (D.I. 18, "Mot." at 1.) On the contrary, Samsung's arguments in its reply were a direct, logical and expected response to those assertions made in St. Clair's opposition papers.

St. Clair's objection that Samsung cited "new" authority focuses on Samsung's citation to *U.S. v. Northeastern Pharmaceutical & Chemical Co., Inc.*, 810 F.2d 726 (8th Cir. 1986), a case that St. Clair argues "interpret[s] Delaware law in a very different context (CERCLA liability) than the circumstances presented by this case." (Mot. at 1.) Though St. Clair contends that this context changes the meaning of that case, the Eighth Circuit could not have stated more plainly that it was interpreting state law, not federal law: "The capacity of a corporation to sue or be

sued is determined by the law under which it is organized." *Northeastern Pharm. & Chem. Co.*, 810 F.2d at 746. And, as discussed below, St. Clair's proposed sur-reply never refutes the proposition for which Samsung cited this case: A void corporation (which Samsung Electronics USA *is*) is not the same as a dissolved corporation (which Samsung Electronics USA *is not*, and which St. Clair claims renders it immune from suit). (Reply at 5, D.I. 16.)

St. Clair next argues that a sur-reply is warranted because "defendants submitted an affidavit of counsel that offers into evidence over 300 pages of new documents" that it has not had a chance to respond to and which, in any event, do not show that "St. Clair failed to exercise proper diligence in investigating and filing its original 2011 complaint against S-E USA." (Mot. at 2; Ex. B at 8.) This argument mischaracterizes Samsung's reply. In direct response to the assertion made by St. Clair in its opposition papers questioning whether Samsung Electronics USA was even a "Samsung entity," Samsung filed its 2009 and 2008 non-consolidated financial statements as filed with the SEC (274 pages), *see* Ex. H., and its publicly available annual report (48 pages), *see* Ex. I, solely for the proposition that Samsung Electronics USA operated at the same address as Samsung's North American headquarters. Samsung did not file 300 pages of new evidence -- it cited a publicly available fact,[1] and included the full documents for completeness.

## II. St. Clair's Proposed Sur-Reply Simply Repeats Arguments Already Briefed and Does not Respond to Arguments Samsung Made in its Reply.

Even if St. Clair's sur-reply were procedurally proper (which it is not), it merely restates arguments St. Clair has already made and does not address the core arguments that supposedly

---

[1] As Samsung noted in its reply, a Court may take judicial notice of such publicly available facts. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003) (noting that on a Rule 12(b)(6) motion, a "defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims").

warrant a sur-reply.

First, St. Clair's focus on the Samsung Electronics USA's capacity for suit under Delaware law is misguided. As Samsung argued on reply, lack of capacity is a defense that, if valid, Samsung could have raised in responding to a lawsuit. (Reply at 4-5, D.I. 16.) Like any defense, it can be waived, and as St. Clair's counsel in this case knows from previous cases against Samsung, Samsung has previously stipulated to amending pleadings in this very court, substituting other Samsung entities in place of Samsung Electronics USA. *See, e.g,* Stipulation Substituting STA for Samsung Electronics USA, *Walker Digital, LLC v. Samsung Electronics USA, Inc.* C.A. No. 1:11-cv-309-SLR (D. Del. 2011). St. Clair improperly attempted in its opposition, and tries again here through a sur-reply, to raise a defense that belonged to Samsung, and that St. Clair is not entitled to assert. That Samsung would have raised this defense is not a sufficient basis to ignore the two dismissal rule.

St. Clair's proposed sur-reply brief does not respond to this argument. Instead, it simply repeats arguments that St. Clair made in opposition to Samsung's motion to dismiss. *Compare* Mot. at 4 ("Applying the Delaware decisions, it is clear that no action existed against the defunct S-E USA in 2011, because there was no entity to be sued under Section 278, and there were and are no facts that would support revival by appointment of a received under Section 279, as Samsung now argues" with Opp. at 8, D.I. 14 ("Thus, by operation of Delaware law, there was no entity to be sued and no mechanism to even join such an action. Without appointment of a receiver, there was no 'opposing party' who could 'serve an answer or a motion for summary judgment' under Rule 41, or to otherwise respond to the action naming the long-defunct S-E USA.").

St. Clair seeks leave to file a sur-reply based on an argument it raised in opposition (Opp.

at 8, D.I. 14) to which Samsung, as should be expected, responded in its reply, both by arguing that St. Clair interpreted Delaware law incorrectly and, more importantly, arguing that capacity for suit -- which Samsung might have raised as a defense to suit but could have chosen not to (Reply at 4-5, D.I. 16) -- was immaterial to the question of whether the two dismissal rule bars the current suit. These are not "new" arguments and the issue has been fully briefed.

Second, with respect to so-called "new evidence" regarding Samsung Electronics, USA's status as a Samsung entity, St. Clair is looking to litigate an issue that is immaterial to the application of the two dismissal rule, and a sur-reply is unnecessary for this reason. As Samsung has noted, no detailed inquiry into corporate ownership is needed. The relevant legal inquiry is whether St. Clair's three complaints each asserted the same or similar claims. They did: The same plaintiff, St. Clair, filed near identical complaints alleging willful infringement of the same six St. Clair patents based on the same Samsung products. (Reply, D.I. 16 at 8.) St. Clair cannot argue that the factual allegations in its first complaint -- identical to its second and third -- did not implicate the rights of a Samsung entity. No more is required under the two dismissal rule. (*See* Opening Brief, D.I. 9 at 5-7.)

St. Clair's procedurally improper sur-reply is a plain attempt to reargue the briefing to date. It does not address any "new" issues, and does not respond to Samsung's arguments. Instead, St. Clair repeats arguments regarding irrelevant provisions of Delaware law and reasserts arguments about the relationship among defendants, ignoring the fact that St. Clair filed an identical claim in three separate lawsuits.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court deny St. Clair's motion for leave to file a sur-reply, and grant Samsung's motion to dismiss.

|  |  |
|---|---|
| *Of Counsel*: | /s/ Monté T. Squire<br>Adam W. Poff (No. 3990)<br>Monté T. Squire (No. 4764) |
| Roderick R. McKelvie<br>Kevin B. Collins<br>Brian G. Bieluch<br>Jonathan Herczeg<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Ave. NW<br>Washington, DC 20004<br>(202) 662-6000<br>*kcollins@cov.com*<br>*bbieluch@cov.com*<br>*jherczeg@cov.com*<br><br>Dated: June 25, 2012 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*msquire@ycst.com*<br><br>*Attorneys for Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.* |

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on June 25, 2012, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> Stephen B. Brauerman, Esquire
> Bayard, P.A.
> 222 Delaware Avenue
> Suite 900
> Wilmington, DE 19899-5130
> *rkirk@bayardlaw.com*
> *sbrauerman@bayardlaw.com*

I further certify that on June 25, 2012, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following:

> R. Terrence Rader, Esquire
> Glenn E. Forbis, Esquire
> Charles W. Bradley, Esquire
> Rader, Fishman & Grauer, PLLC
> 39533 Woodward Avenue, Suite 140
> Bloomfield Hills, MI 48304
> *stclairteam@raderfishman.com*

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> /s/ Monté T. Squire
> Adam W. Poff (No. 3990)
> Monté T. Squire (No. 4764)
> Rodney Square
> 1000 North King Street
> Wilmington, DE 19801
> *apoff@ycst.com*
> *msquire@ycst.com*
>
> *Attorneys for Samsung Defendants*

01: 11662018.1