IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : Plaintiff, : : v. : : SAMSUNG ELECTRONICS CO. LTD., : SAMSUNG ELECTRONICS AMERICA, : INC. AND SAMSUNG : TELECOMMUNICATIONS AMERICA, : LLC, : : Defendants. : | Civil Action No. 12-69-LPS |

## MEMORANDUM ORDER

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair" or "Plaintiff") has moved for leave to file a sur-reply brief in opposition to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, LLC, and Samsung Telecommunications America, LLC's (collectively, "Samsung" or "Defendants") motion to dismiss. (D.I. 18) Defendants oppose the motion. (D.I. 19) For the reasons set forth below, the Court grants Plaintiff's motion.

1. Briefing on Defendants' Motion to Dismiss (D.I. 9) was completed on June 1, 2012. (D.I. 10, 14, 16)

2. On June 11, 2012, Plaintiff moved for leave to file a sur-reply pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. Plaintiff argues that Defendants' Reply Brief In Support of Their Motion to Dismiss (D.I. 16) contains new arguments, documents, and legal authority. Furthermore, Plaintiff states that Defendants' legal authority "present[s] an inaccurate description of the applicable Delaware statutes."

3. Defendants' newly-cited evidence in support of the sufficiency of Samsung

Electronics USA, Inc.'s relationship with other Samsung entities includes: (1) Complaint filed in *Walker Digital LLC v. Apple, Inc. et al.*, C.A. No. 11-cv-00309 (D. Del Apr. 11, 2011) and Stipulation and Order substituting Samsung Telecommunications America, LLC for Samsung Electronics USA, Inc.; (2) Entity Details for Samsung Electronics USA, Inc.; (3) Certificate of Incorporation for Samsung Electronics USA, Inc.; (4) Certificate of Change of Registered Agent and Office for Samsung Electronics USA, Inc.; (5) Samsung Electronic's Annual Report 2010; (6) LinkedIn Profile for Bryan Hopkins; (7) Resume of Bryan Hopkins; and (8) Non-Consolidated Financial Statements of Samsung Electronics Co., Ltd. Defendants also cite previously uncited legal authority, *United States v. Northeastern Pharm. & Chem. Co.*, 810 F.2d 726 (8th Cir. 1986), in support of the proposition that "Delaware has recognized that a corporation's becoming void for failure to pay franchise taxes does not trigger 8 Del. Code § 278." (D.I. 16 at 5)

4. Defendants urge the Court to deny Plaintiff's motion because the sur-reply is procedurally improper, Samsung did not raise unexpected arguments, Samsung did not introduce new facts or evidence, and Plaintiff's sur-reply is unnecessary because Samsung Electronics USA, Inc.'s corporate ownership is irrelevant to at least one basis on which Defendants have moved to dismiss.

5. Local Rule 7.1.2 provides that parties may submit additional papers after briefing is complete only with the Court's approval. A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments. *See Belden Techs., Inc. v. LS Corp.*, 2010 U.S. Dist. LEXIS 70424, at *3 (D. Del. July 14, 2010); *Walsh v. Irvin Stern's Costumes*, 2006 U.S. Dist. LEXIS 2120, at *37 (E.D. Pa. Jan. 19, 2006).

6. Plaintiff's sur-reply (D.I. 18-2) addresses the newly-cited 8th Circuit case and Defendants' evidence of a relationship between Samsung Electronics and other Samsung entities.

It also argues that the evidence does not establish that Plaintiff failed to exercise diligence in filing suit against Samsung Electronics.

7. The Court concludes that Plaintiff's sur-reply will allow the Court to more fully and fairly evaluate Defendants' pending motion to dismiss. Plaintiff's sur-reply is relatively short, challenges Defendants' interpretation and application of *United States v. Northeastern Pharm. & Chem. Co.*, 810 F.2d 726 (8th Cir. 1986), and explains Plaintiff's view of the newly presented evidence.

8. Accordingly, Plaintiff's motion for leave to file a sur-reply is GRANTED. Plaintiff's proposed sur-reply (D.I. 18-2) is deemed filed.

Dated: March 29, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE