## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 12-69-LPS |
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | : | |
| | : | |
| Defendants. | : | |

---

Richard D. Kirk, Stephen B. Brauerman, BAYARD, P.A., Wilmington, DE.

R. Terrance Rader, Charles W. Bradley, Glenn E. Forbis, RADER, FISHMAN & GRAUER PLLC, Bloomfield Hills, MI.

Attorneys for Plaintiff.

Adam W. Poff, Monté Squire, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE.

Roderick R. McKelvie, Kevin B. Collins, Brian G. Bieluch, Jonathan Herczeg, COVINGTON & BURLING LLP, Washington, DC.

Attorneys for Defendants.

---

### MEMORANDUM OPINION

March 29, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Defendants' Motion to Dismiss. (D.I. 9) For the reasons set forth below, the Court will deny Defendants' motion.

## I. BACKGROUND

On December 30, 2011, St. Clair Intellectual Property Consultants, Inc. ("St. Clair" or "Plaintiff") filed a complaint against Samsung Electronics USA, Inc. ("SE USA"). *See St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics USA, Inc.*, No. 11-1306 (D. Del. Dec. 30, 2011) [hereinafter *Samsung I*]. In *Samsung I*, St. Clair alleged that SE USA willfully infringed six of St. Clair's patents: U.S. Patent Nos. 5,710,929; 5,758,175; 5,892,959; 6,079,025; 5,630,163; and 5,822,610, by selling and distributing smartphones, tablets, and netbooks that use the Android operating system. On January 20, 2012, St. Clair voluntarily dismissed *Samsung I* pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Notice of Dismissal, No. 11-1306 (D. Del. Jan. 20, 2012).

That same day, St. Clair filed a complaint against Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA"). *See St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics America, Inc.*, No. 12-58 (D. Del. Jan. 20, 2012) [hereinafter *Samsung II*]. St. Clair alleged that SEA and STA willfully infringed the same patents identified in *Samsung I*, by selling and distributing the same smartphones, tablets, and netbooks that use the Android operating system. On January 23, 2012, St. Clair dismissed *Samsung II* pursuant to Rule 41(a)(1)(A)(i). *See* Notice of Dismissal, No. 12-58 (D. Del. Jan. 23, 2012).

That same day, St. Clair filed the present suit against Samsung Electronics Co. Ltd.

1

("SEC"), SEA, and STA (collectively, "Samsung" or "Defendants"). (D.I. 1) Like *Samsung I* and *Samsung II*, St. Clair alleges Defendants willfully infringe the same six patents previously asserted by selling and distributing the same smartphones, tablets, and netbooks.

On May 2, 2012, Defendants moved to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(a)(1)(B). (D.I. 9)

## II. LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12(b)(6)

The sufficiency of pleadings for non-fraud cases is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

## B. Rule 41(a)(1)

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to voluntarily dismiss an action, without prejudice, so long as the plaintiff has not previously dismissed another action "based on or including the same claim." If the plaintiff files a second notice of dismissal pursuant to Rule 41(a)(1), the Court must dismiss an action based on or including the same claim with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). This "two dismissal rule" means that a second voluntary dismissal serves as an "adjudication upon the merits" and the doctrine of res judicata applies. *See Manning v. South Carolina Dept. of Highway & Public Transp.*, 914 F.2d 44, 47 (4th Cir. 1990). The two

3

dismissal rule is designed to limit a plaintiff's ability to dismiss an action and encourage plaintiffs to diligently prepare their papers, to curb potential abuses of the judicial system. *See Cooter*, 496 U.S. at 397-98.

## III.    DISCUSSION

### A.    Applicability of Rule 41(a)(1)

The parties do not appear to contest the applicability of the Rule 41(a)(1) dismissal of *Samsung II*. The central issue between the parties is whether *Samsung I* is also a voluntary dismissal against the current Defendants. Defendants claim that SE USA is a Samsung entity with sufficient relations to the present Defendants such that Rule 41(a)(1)(B) requires this Court to dismiss the case based on *Samsung I* and *Samsung II*. Plaintiff claims that because SE USA was void at the commencement of *Samsung I* and because SE USA has no relationship with Defendants, the *Samsung I* dismissal does not count as a Rule 41(a)(1) dismissal against Defendants.

#### 1.    Status of SE USA

Plaintiff argues that the two dismissal rule is inapplicable because *Samsung I* was a suit against SE USA, a defunct corporation which could not sue or be sued. Plaintiff argues that because SE USA failed to pay its franchise tax obligation, it became defunct by 2006. (D.I. 14 at 7-8) Under 8 Del. Code § 278, Plaintiff argues that SE USA could not be sued after the three-year statutory dissolution period. (*Id.* at 8) Therefore, Plaintiff contends that Defendants failed to establish that any claim could exist against SE USA.

Defendants argue that the status of SE USA is irrelevant. Specifically, Defendants cite to Federal Rule of Civil Procedure 3, which states that "[a] civil action is commenced by filing a

4

complaint with the court." Thus, in Defendants' view, Plaintiff commenced an action that was thereafter voluntarily dismissed under Rule 41(a)(1), whether or not SE USA was void. (D.I. 16 at 4)

On this issue, the Court agrees with Defendants. Plaintiff commenced *Samsung I* when it filed its complaint on December 30, 2011. Defendants persuasively analogize this case to *Lake at Las Vegas Investors Grp., Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 726 (9th Cir. 1991), in which the plaintiffs argued that they did not fall within Rule 41(a)(1) because their prior suit was against a foreign corporation not registered in the state. Under Nevada law, an unregistered foreign corporation cannot commence, maintain, or defend an action. The Ninth Circuit rejected plaintiffs' argument, stating that lack of capacity is an affirmative defense, and, under Nevada Rule of Civil Procedure 3, an action is commenced upon filing of the complaint. *See id.* Likewise, here, Federal Rule of Civil Procedure 3 states that an action commences upon the filing of the complaint. Thus, the status of SE USA is irrelevant to the application of Rule 41(a)(1). Plaintiff filed and voluntarily dismissed a claim against SE USA in *Samsung I* and, therefore, *Samsung I* falls within Rule 41(a)(1).

## 2. Sufficiency of Relationship Between SE USA and Defendants

The two dismissal rule bars Plaintiff's suit if the Court finds that Plaintiff previously dismissed actions based on or including the same claims. *See* Fed. R. Civ. P. 41(a)(1)(B). Both sides agree that while the text of Rule 41(a)(1)(B) does not expressly require "privity," some degree of relationship is required to dismiss a party under the two dismissal rule. (D.I. 14 at 11; D.I. 16 at 7; *see also* 5 James Wm. Moore et al., Moore's Fed. Practice § 41.04 (2d ed. 1996) (stating that two dismissal rule is not applicable "unless the defendants are the same or

5

substantially the same or in privity in both actions, although the rule does not expressly so
provide"))

Several courts have held that the two dismissal rule applies if the defendants are the same,
substantially the same, or in privity with each other. *See, e.g., Am. Cyanamid Co. v. Capuano*,
381 F.3d 6, 17 (1st Cir. 2004) (concluding that two dismissal rule is inapplicable where there is
no privity); *Catbridge Machinery, LLC v. Cytec Engineered Materials*, 2012 WL 2958244, at *3
(D.N.J. July 18, 2012) (stating that two dismissal rule applies when defendants are same or in
privity); *Ogden Allied Sec. Servs., Inc. v. Draper & Kramer*, 137 F.R.D. 259, 261 (N.D. Ill. 1991)
(adopting view that defendants must be same, substantially same, or in privity for two dismissal
rule to apply). Other courts focus on whether the defendants are sufficiently interrelated so that
they share the same legal rights. *See, e.g., Lake at Las Vegas Investors Grp.*, 933 F.2d at 726
(rejecting strict privity and holding that some relationship between dismissed party and party
seeking to apply two dismissal rule is required); *Manning v. S.C. Dep't of Highway & Public
Transp.*, 914 F.2d 44, 48 (4th Cir. 1990) (stating that privity within meaning of res judicata
focuses on parties' legal right and relationship to subject matter of litigation); *Murray v. Sevier*,
145 F.R.D. 563, 567 (D. Kan. 1993) (stating that defendants did not share same legal rights, so
two dismissal rule was inapplicable even where plaintiff had identical interests in each case).

Defendants argue that Plaintiff has asserted, for the third time, the same claim of willful
infringement based on the same St. Clair patents and the same Samsung products. (D.I. 16 at 8)
Further, Defendants contend that the public record shows that there is a relationship between SE
USA and Samsung. *(Id.)* The public record shows that SE USA's incorporator shares the same
address as Samsung's regional headquarters for its North American operations, at which SEA is

6

based. Additionally, the public record shows that SE USA's incorporator served as general counsel of SEA.

Plaintiff argues that Defendants' evidence is weak, and Defendants have produced no evidence to establish that SE USA had anything to do with the accused Android products. (D.I. 18 at 7) Plaintiff points out that SE USA has been defunct since 2006 and, therefore, could not have made, sold, or used Android-based products, as they were not introduced until at least 2008. (D.I. 14 at 2 n.2 & 10 n.9) Thus, Plaintiff asserts that Defendants cannot show that SE USA has any relevant relationship with the present Defendants and could not have had the same legal interests in the Android products, because the products did not exist at the time SE USA was in existence. *(Id.* at 4)

The Court concludes that, at this stage, Defendants fail to meet their burden of establishing by a preponderance of evidence that a sufficient relationship exists between Defendants and SE USA. *See Sysco Corp. v. Chi-Chi's, Inc.*, 338 B.R. 618, 622 (Bankr. D. Del. 2006) (stating that party invoking two dismissal rule bears burden of proving its applicability). Though Defendants present some evidence of a connection between SE USA and Defendants, it is only through a single person, SE USA's incorporator, and establishes no more than a tenuous relationship. This falls short of showing that SE USA and Defendants are the same, substantially the same, or in privity. Moreover, Defendants do not allege any facts to show that SE USA had the same, similar, or any legal interest in the subject matter of the three litigations, i.e., the Android operating system.

While Defendants are correct that application of the two dismissal rule is not discretionary, it is also true that the rule has been strictly construed. *See Manze v. State Farm*

7

*Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987); *see also Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir.1987) (stating that court "should be especially careful not to extend the scope of such a narrow exception when the purpose for the exception would not be served"); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) (suggesting that "[w]here the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly"); *Murray v. Sevier*, 145 F.R.D. 563, 567 (D. Kan. 1993) (holding that two dismissal rule is inapplicable where it is not clear that defendants have same legal right). As the two dismissal rule serves as an adjudication on the merits and a bar against bringing suit, the Court must strictly construe it. *See generally Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966) ("The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion.").

Here, the Court concludes that the two dismissal rule is inapplicable against Plaintiff because Defendants have failed to present evidence sufficient to show a close relationship between Defendants and SE USA, or any evidence of SE USA's legal interest in the subject matter of the litigation. Accordingly, the Court will deny Defendants' motion.[1]

---

[1]Given this disposition, the Court does not address Plaintiff's request to modify the prior dismissals pursuant to Federal Rule of Civil Procedure 60(b), or Plaintiff's request to convert Defendants' motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56.

8

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss.  (D.I. 9)

An appropriate Order follows.