IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendants. | C.A. No. 12-69-LPS |

Stephen B. Brauerman, BAYARD, P.A., Wilmington, DE

Arthur A. Gasey and Oliver D. Yang, VITALE, VICKREY, NIRO & GASEY LLP, Chicago, IL

    Attorneys for Plaintiff

Adam W. Poff and Pilar G. Kraman, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE

Richard L. Rainey, Kevin B. Collins, Brian G. Bieluch, and Daniel E. Valencia, COVINGTON & BURLING LLP, Washington, DC

    Attorneys for Defendants

**MEMORANDUM OPINION**

November 19, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC's ("STA" and, together, "Samsung" or "Defendants") Motion for Summary Judgment. (D.I. 66)

I.  **BACKGROUND**

On December 30, 2011, St. Clair Intellectual Property Consultants Inc. ("St. Clair" or "Plaintiff") filed a complaint against Samsung Electronics USA, Inc. ("SE USA"). *See St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics USA, Inc.*, C.A. No. 11-1306-LPS D.I. 1 (D. Del. Dec. 30, 2011) (hereinafter, "*Samsung I*"). In its *Samsung I* complaint, St. Clair alleged that SE USA willfully infringed six of St. Clair's patents: U.S. Patent Nos. 5,710,929; 5,758,175; 5,892,959; 6,079,025; 5,630,163; and 5,822,610 (hereinafter, the "Six Patents"). (*Id.* ¶¶ 18-41) St. Clair alleged that the infringing products were smartphones, tablets, and netbooks that use the Android operating system (hereinafter, the "Accused Products"). (*Id.* ¶¶ 13, 16, 17) St. Clair alleged in *Samsung I* that SE USA infringed the Six Patents by selling and making the Accused Products. (*Id.* ¶¶ 13, 17, 19, 23, 27, 31, 35, 39) On January 20, 2012, St. Clair voluntarily dismissed *Samsung I* pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*See Samsung I* D.I. 4)

The same day St. Clair dismissed *Samsung I*, which had only been filed against SE USA, it filed a new lawsuit, this time against SEA and STA. *See St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics America, Inc.*, C.A. No. 12-58-LPS D.I. 1 (D. Del. Jan. 20, 2012) (hereinafter, "*Samsung II*"). In its *Samsung II* complaint, St. Clair alleged that SEA and STA willfully infringed the same Six Patents identified in *Samsung I*, by selling and

1

distributing the same Accused Products identified in *Samsung I*. On January 23, 2012, St. Clair dismissed *Samsung II* pursuant to Rule 41(a)(1)(A)(i). (*See Samsung II* D.I. 4)

That same day, St. Clair filed the instant suit, which the Court will refer to as *Samsung III*. (D.I. 1) The *Samsung III* complaint is filed against SEA and STA, who had been defendants in *Samsung II*, as well as against new defendant SEC. (*Id.*) The *Samsung III* complaint, just like those in *Samsung I* and *Samsung II*, alleges willful infringement of the same Six Patents by sale and distribution of the same Accused Products. (*Id.* ¶¶ 20-43)

On May 2, 2012, the *Samsung III* Defendants – SEA, STA, and SEC – moved to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(a)(1)(B). (D.I. 9) Defendants' motion was based on the "two dismissal" rule, whereby a second dismissal can qualify as an adjudication on the merits, barring the same suit from being filed yet again. (*See* D.I. 10) In denying Defendants' motion, the Court stated that the parties did not appear to contest that the dismissal of *Samsung II* counted as one dismissal toward the two dismissal rule. (D.I. 22 at 4) The Court focused on whether *Samsung I* was also a voluntary dismissal by Plaintiff against the current Defendants. (*Id.*) The Court concluded that the *Samsung I* dismissal comes within Rule 41(a)(1) but also that, at the motion to dismiss stage, the Court had an inadequate record from which to find that sufficient relationships exist between Defendants and SE USA to treat the *Samsung I* dismissal as giving rise to application of the two dismissal rule. (*See id.* at 7) ("The Court concludes that, at this stage, Defendants fail to meet their burden of establishing by a preponderance of the evidence that a sufficient relationship exists between Defendants and SE USA.")

2

This case was then stayed for some years for unrelated reasons. (*See* D.I. 29)[1] In May 2018, the Court granted St. Clair's unopposed motion to lift the stay. (D.I. 57) Thereafter, the Court granted St. Clair's unopposed motion to dismiss its claims for infringement of three of the Six Patents. (*See* D.I. 59, 60, 61) Thereafter, consistent with the Scheduling Order entered by the Court (D.I. 64), Defendants filed the pending motion for summary judgment based on the two dismissal rule (D.I. 66), which is fully briefed (*see* D.I. 67, 71, 73; *see also* D.I. 80 (notice of supplemental authority)).

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot

---

[1] Plaintiff engaged in malpractice litigation with its prior out-of-state counsel. (*See, e.g.*, D.I. 67 Ex. 11) Defendants devote a significant portion of their briefing on the pending motion to that litigation and to identifying other courses of action Plaintiff's current counsel could have taken other than serially filing suits against Samsung entities and twice dismissing those actions. (*See, e.g.*, D.I. 67 at 3-4, 8-10) The Court agrees with Plaintiff that nothing cited by Defendants from the malpractice litigation amounts to a concession or even support for Defendants' motion here. (*See* D.I. 71 at 8-9)

3

produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(l)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586; *see also Podobnik v. US. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson,* 477 U.S. at 252.

4

**B.    Rule 41(a)(1)**

Federal Rule of Civil Procedure 41(a)(1) provides as follows:

> Rule 41.  Dismissal of Actions
>
> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff
>
> (A) *Without a Court Order*. . . . [T]he plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Thus, Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action, without prejudice, so long as (among other things) the plaintiff has not previously dismissed another action "based on or including the same claim." If, however, the plaintiff files a second notice of dismissal pursuant to Rule 41(a)(1), after "previously dismiss[ing] any . . . court action based on or including the same claim," then the second dismissal "operates as an adjudication on the merits" and, thus, constitutes a dismissal with prejudice. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990).

This "two dismissal rule" means that a second voluntary dismissal triggers application of the doctrine of res judicata. *See Manning v. S.C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990). The two dismissal rule is designed to limit a plaintiff's ability to dismiss an

5

action without prejudice and, thereby, to encourage plaintiffs to diligently prepare their pleadings, curbing potential abuses of the judicial system. *See Cooter*, 496 U.S. at 397-98.

The party invoking the two dismissal rule bears the burden of proving its applicability. (*See* D.I. 22 at 7)

## III. DISCUSSION

Defendants contend that the two dismissal rule of Rule 41(a)(1) applies to both *Samsung I* and *Samsung II*, rendering the dismissal in *Samsung II* an "adjudication upon the merits," which precludes Plaintiff from prevailing in the instant action. (*See, e.g.*, D.I. 67 at 4) In particular, they argue that on the record now before the Court, a reasonable factfinder could only find that Defendants – SEA, STA, and SEC – are the same, substantially the same, or in privity with the defendants who were provided dismissals in *Samsung I* (SE USA) and *Samsung II* (SEA and STA).[2] For this reason, according to Defendants, the claims still pending here must be understood as "based on or including the same claim" as the claims dismissed in *Samsung I* and *Samsung II*. Plaintiff disagrees. (*See, e.g.*, D.I. 71 at 11-14)

So, too, does the Court. Taking the evidence in the light most favorable to Plaintiff, as the non-moving party, a reasonable factfinder could find that SEA, STA, and/or SEC are *not* the same, substantially the same, or in privity with SE USA.[3]

The evidence on which Defendants base their motion can be summarized as follows:

---

[2] While Defendants continue to argue that the two dismissal rule does not require the degree of relationship between defendants that the Court is requiring, they recognize that the Court has already decided this issue and will adhere to its previous decision. (*See* D.I. 67 at 12-14; *see also* D.I. 22 at 5-6)

[3] It is undisputed that the dismissal of *Samsung II* qualifies for purposes of the two dismissal rule. The issue before the Court is whether the *Samsung I* dismissal does as well. If not (as the Court concludes) then there has been only one previous dismissal and summary judgment cannot be granted on the basis of the two dismissal rule.

6

(1) SE USA was created by SEA for the purpose of carrying on the business of SEA (D.I. 67 at 3, 7-8, 17; D.I. 67 Ex. 9 at ¶¶ 3, 4, 6; D.I. 73 at 7); (2) SE USA's management was created to overlap with SEA's management, with the President, CEO, and general counsel of SEA being appointed to the same roles with SE USA (D.I. 67 at 8; D.I. 73 at 7); (3) SE USA's corporate files have been maintained in SEA's files (D.I. 67 at 7; D.I. 73 at 7); (4) SEA paid SE USA's corporate taxes for several years (D.I. 67 at 8; D.I. 73 at 7); (5) Samsung has stepped in to defend infringement allegations against its products in lawsuits brought against SE USA (D.I. 67 at 10, 18-19; D.I. 73 at 8); and (6) SEC engaged legal counsel for SE USA after receiving the complaint in *Samsung I* (D.I. 73 at 3).

The parties agree that the Court should consider this evidence in connection with the factors outlined by the Supreme Court in *Taylor v. Sturgell*, 553 U.S. 880 (2008), which are applied when evaluating whether a judgment against one party is binding on a non-party. (*See* D.I. 67 at 16; D.I. 71 at 17) The *Taylor* factors recognize that preclusion does not usually apply to entities who are not parties to a judgment but set out the following categories of exceptions: (1) where a non-party "agree[d] to be bound" to the prior judgment; (2) where there is a "preexisting substantive legal relationship" between the non-party and the party; (3) where the non-party was "adequately represented by someone with the same interests" as the non-party; (4) where the non-party "assumed control" of the litigation leading to the prior judgment; (5) where the non-party would otherwise be "relitigating through a proxy;" and (6) where a "special statutory scheme" applies." *Taylor*, 553 U.S. at 893-95.

Defendants argue that the second and third of these exceptions apply. (*See* D.I. 67 at 16)[4] That is, they contend that there is a "preexisting substantive legal relationship" between SEA, STA, and SEC, on the one hand, and SE USA on the other; and further contend that SEA, STA, and SEC were "adequately represented by" SE USA, which had "the same interests" as Defendants. (*See id.*) The Court concludes, however, that Defendants' evidence (taken in the light most favorable to Plaintiff) fails to establish, by a preponderance of the evidence, that Defendants are the same, substantially the same, or in privity[5] with SE USA.

As Plaintiff explains, being part of a corporate family is not enough for meeting the *Taylor* exceptions. (*See* D.I. 71 at 12-13) Plaintiff correctly points out there is no evidence before the Court that in *Samsung I* SE USA represented the same legal interests as Defendants, no evidence SEA or STA would have been legally responsible for any infringing acts of SE USA, and no evidence any other entity ever had legal responsibility for the actions of SE USA. (*See id.* at 13-14)

---

[4] Defendants suggest that the "special statutory scheme" exception of *Taylor* (#6 as listed in the above text) is applicable because "the two dismissal rule . . . itself constitutes a 'special statutory scheme.'" (D.I. 67 at 17) Defendants cite no authority for this proposition and do not explain how the Court could find exception #6 to apply without finding that one of the other exceptions also applies (and the Court has concluded that none of the others do).

[5] In the context of non-party preclusion, privity generally requires that the non-party have been fully represented by the party involved in the earlier action and/or that the non-party have exerted control over that litigation. *See generally Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 176 (3d Cir. 1994) (stating that, under New Jersey law, "[a] relationship is usually considered 'close enough' [for *res judicata* purposes] only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation"); *Mohammed v. May Dep't Stores, Co.*, 273 F. Supp. 2d 531, 535 (D. Del. 2003) ("A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party."); *Household Int'l, Inc. v. Westchester Fire Ins. Co.*, 286 F. Supp. 2d 369, 374 (D. Del. 2003) ("In a parent-subsidiary context, a parent can be found to have controlled its subsidiary's earlier lawsuit if the subsidiary represented the parent's interests and the parent directed the litigation.").

8

Samsung contends that Defendants have a practice of stepping in to defend infringement allegations brought against the Accused Products in lawsuits naming SE USA as defendant. (*See* D.I. 67 at 10, 18-19; D.I. 73 at 8) But nothing in the record supports a finding that in *Samsung I* Defendants would have been legally bound by any adverse judgment against SE USA. More to the point (given the procedural status of the instant case), nothing in the record would compel a reasonable juror, taking the evidence in the light most favorable to Plaintiff, to find that Defendants would have stepped in for SE USA in *Samsung I*, or even that Defendants had a preexisting legal relationship with SE USA, or had shared legal interests with SE USA that were represented by SE USA in *Samsung I*. Because SE USA's merger with SEA was never completed (*see* D.I. 67 at 8), and as far as the record reveals SE USA was a shell company with essentially no assets or operations (*see id.* at 7-8), the record reveals no basis to conclude that SE USA shared or represented a legal interest also held by any of the Defendants in *Samsung III*. (*See, e.g.*, D.I. 71 at 14) ("Because there is no evidence that any other entity ever had legal responsibility for the actions of SE USA, there is no shared legal interest.")

Although the claims of patent infringement involve the same Six Patents and the same Accused Products in each of *Samsung I*, *Samsung II*, and *Samsung III*, and even though the verbiage in the complaints filed in each of those actions is essentially identical, it does not follow that the legal claims are necessarily identical for purposes of the Rule 41(a)(1) analysis. Except in the narrow circumstances identified in *Taylor* (which have not been shown to be present here), one Samsung entity is not automatically liable for the patent infringement liabilities of another, separate Samsung entity. The Court is not persuaded by Defendants' contention that a "transactional test" should be applied and found to be satisfied here. (*See* D.I. 67 at 14-16) (citing *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011)) Instead, as Plaintiff

9

writes: "*Samsung I*, an action for patent-infringing sales by SE USA, is not the same transaction as *Samsung II*, an action for patent-infringing sales by SEA and STA. There is no evidence that SE USA was involved in any of the same transactions as the other companies." (D.I. 71 at 2; *see also id.* at 18-19 ("[T]he claim against SEC for its own infringing acts in *Samsung III* is not the same transaction as the infringing acts of SEA and STA in *Samsung II*. Even if all those parties were involved with Android products, Samsung offers no evidence that SEC's infringing transactions are the same as SEA's or STA's.")) Further, it is undisputed that SE USA is its own corporate entity. (*See, e.g.,* D.I. 67 at 7-8; D.I. 67 Ex. 9; D.I. 71 at 2-4) As such, nothing in the record provides a basis to pierce SE USA's corporate veil or treat it as the alter ego of any other Samsung entity.

Other cases relied on by Defendants involve materially different factual scenarios and do not support a result other than the one the Court has reached. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (finding close and significant relationship for purposes of claim preclusion where one entity was wholly-owned affiliate of another, was a defendant in earlier case, and signed the settlement agreement at issue); *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) ("Claim preclusion will generally apply when a patentee seeks to assert the same patent against ***the same party*** and the same subject matter.") (emphasis added); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1305 (Fed. Cir. 2007) (finding privity sufficient for claim preclusion where plaintiff conceded privity between defendant and its customers).

Given the Court's conclusions, it is not necessary to reach other issues disputed in the parties' briefs, including Plaintiff's evidentiary objections (the Court has considered all of the

10

materials submitted by Defendants), the application of *res judicata* and the *Kessler* doctrine,[6] and Plaintiff's contingent request that the Court consider an as-yet-unfiled motion pursuant to Federal Rule of Civil Procedure 60(b) to modify the dismissal order in *Samsung II*.

## II.   CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion for Summary Judgment. (D.I. 66) An appropriate Order follows.

---

[6] *See Kessler v. Eldred*, 206 U.S. 285 (1907).

11