IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS INC., | : | |
| Plaintiff, | : : : | |
| v. | : | C.A. No. 12-69-LPS |
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | : : : : | |
| Defendants. | : : | |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **May, 2021**:

WHEREAS, on November 19, 2020, the Court issued a Memorandum Opinion (D.I. 81) and Order (D.I. 82) denying Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC's ("STA") (collectively, "Samsung" or "Defendants") Motion for Summary Judgment (D.I. 66);

WHEREAS, on December 3, 2020, Defendants filed a motion for reargument of the Court's summary judgment order (*see* D.I. 85);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, having considered the relevant filings and related materials (*see, e.g.*, D.I. 84, 85, 86), Defendants' motion for reargument (D.I. 85) is **DENIED**.

1.  "Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only 'sparingly.'" *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015

1

WL 1883960, at *1 (D. Del. Apr. 24, 2015). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F.Supp.2d 385, 419 (D. Del.1999); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F.Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991).

2. A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F.Supp.2d at 295.

3. Defendants first argue the Court failed to consider that the Federal Circuit's decision in *In re PersonalWeb Technologies LLC*, 961 F.3d 1365 (Fed. Cir. 2020), expressly held that a transactional test applies in determining whether causes of action for patent infringement are the same.[1] (D.I. 85 at 1) Defendants contend the Court's denial of summary

---

[1] *PersonalWeb* is not an intervening change in controlling law, as it was issued in June 2020, was

2

judgment requires vacatur because the Court was "not persuaded by Defendants' contention that a 'transactional test' should be applied." (*Id.*) (citing D.I. 81 at 9) In the Court's memorandum opinion, the Court considered the transactional test of *PersonalWeb* and found it to not be satisfied under the circumstances presented here, which include that this issue is presented on a summary judgment motion – a stage at which genuine disputes of material fact preclude the relief sought by Defendants. (D.I. 81 at 9) ("[T]he Court is not persuaded by Defendants' contention that a 'transactional test' should be applied ***and found to be satisfied here.***") (emphasis added) While *PersonalWeb* applied claim preclusion to bar infringement claims brought against separate defendant parties, the plaintiff in that case, PersonalWeb, did not challenge the district court's determination that the separate defendants, Amazon and its customers, were actually "in privity, and thus are regarded as the same parties for claim preclusion purposes." *PersonalWeb*, 961 F.3d at 1374. Here, by contrast, Plaintiff challenges whether the separate Samsung Defendants are in privity, and the Court concluded it could not grant summary judgment that the transactional test is satisfied because a reasonable juror could find that Defendants failed to make the requisite showing of privity. (*See generally* D.I. 81)

4. Defendants next argue the Court applied an unduly restrictive standard for demonstrating non-party preclusion under *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008). (D.I. 85 at 1) Defendants contend the Court looked only to whether Defendants would have been legally bound by an adverse judgment against SE USA, while the proper standard under *Taylor* is whether the non-party "controlled, financed, participated in, or even had notice of" the prior suit and whether the non-party "had a sufficient 'laboring oar' in the conduct of the [prior]

---

the subject of Defendants' notice of supplemental authority (D.I. 80), and was considered by the Court in its Memorandum opinion (D.I. 81 at 3).

3

litigation to actuate principles of estoppel." (*Id.* at 6-7) (citing *Taylor*, 553 U.S. at 885, and *Montana v. United States*, 440 U.S. 147, 155 (1979)) Defendants insist that, upon receiving actual notice of *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics USA, Inc.*, C.A. No. 11-1306-LPS ("*Samsung I*"), SEC took the "laboring oar" by sending out the *Samsung I* complaint to counsel and retaining counsel (on behalf of SEA and STA as well) to represent all of the Samsung entities. (*Id.* at 5) In reality, however, the Court did not apply an unduly restrictive standard but, instead, applied *Taylor* in a good faith and reasonable manner. The Court did not conclude its analysis with its conclusion that "nothing in the record supports a finding that in *Samsung I* Defendants would have been legally bound by any adverse judgment against SE USA." Instead, the Court proceeded to address multiple additional factors, stating "*[m]ore to the point* (given the procedural status of the instant case)" "nothing in the record would compel a reasonable juror, taking the evidence in the light most favorable to Plaintiff, to find that Defendants would have **stepped in for SE USA in Samsung I, or even that Defendants had a preexisting legal relationship with SE USA, or had shared legal interests with SE USA that were represented by SE USA** in *Samsung I*." (D.I. 81 at 9) (emphasis added) A reasonable juror could find that Defendants failed to meet *Taylor*'s requirement that the nonparty "assume[d] control over the litigation in which that judgment was rendered," 553 U.S. at 895 (internal quotations omitted), and also failed to meet *Montana*'s "laboring oar" standard, in which the non-party litigates "in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own," *Montana*, 440 U.S. at 154. (*See also* D.I. 81 at 9; D.I. 85 at 5; D.I. 69 at 6; D.I. 70 Ex. 8 ¶¶ 5-8)

5. In sum, Defendants' motion merely "rehash[es] arguments already briefed," which is not a meritorious basis for the relief sought. *See Kavanagh v. Keiper Recaro Seating,*

*Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (quoting *Dentsply*, 42 F. Supp. 2d at 419). Defendants have failed to show "a clear error of law," a need "to prevent manifest injustice," or any other grounds for granting the motion.

6. The Court further denies Defendants' request for the alternative relief of partial summary judgment followed by "a factfinding hearing to resolve any remaining dispute of fact regarding application of the two-dismissal rule." (D.I. 85 at 10) This case is now more than 11 years old. The Court, like the parties, has devoted substantial resources to Defendants' two-dismissal defense. As Plaintiff correctly states: "Samsung has sought and has been given the opportunity for their two-dismissal defense to be fully vetted by the Court by allowing Samsung to file multiple sets of brief[s] spanning multiple years, and consuming untold hours of the Court's time and resources, only to have the Court deny Samsung's procedural defense. Enough is enough." (D.I. 86 at 11)[2] While Defendants may ultimately prevail, perhaps even on the two-dismissal grounds, it is no longer reasonable to keep this entire case on pause based on speculation as to one way it may ultimately, eventually, conclude.

**IT IS FURTHER ORDERED** that, having reviewed the parties' joint status report (D.I. 84), the Court **ADOPTS** Plaintiff's position and this case will now proceed to the merits. The parties shall meet and confer and submit a proposed schedule (which shall include a date for the

---

[2] As Plaintiff further explains:

> The Court denied Samsung's motion to dismiss under the two-dismissal rule. (D.I. 22.) Samsung then briefed and later withdrew a motion to reconsider that decision. (D.I. 28, 29.) Now that the Court has denied Samsung's motion for summary judgment on the two-dismissal rule (D.I. 81.), Samsung is pursuing its fourth bite at the apple with no showing that the Court overlooked anything.

(D.I. 86 at 2)

5

submission of a joint claim construction brief, not dates for filing simultaneous claim construction briefs), no later than May 25, 2021.

                                              _____
                                              HONORABLE LEONARD P. STARK
                                              UNITED STATES DISTRICT JUDGE